**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10474 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00048-JCM-CWH-7 |
| v. |  |
| NANCY MAGENO, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted September 10, 2013
San Francisco, California

Before: WALLACE, FISHER, and BERZON, Circuit Judges.

Nancy Mageno appeals her conviction for conspiring to distribute at least

fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A)(viii), and 846. She contends that there was insufficient evidence at

trial to support her conviction. Although we reverse her conviction for other

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reasons stated in a concurrently filed opinion and remand, we address her sufficiency of the evidence challenge here. We conclude that the evidence was sufficient to support her conviction. The facts are known to the parties, and we repeat them only as necessary.

There was more than sufficient evidence to prove the existence of the underlying conspiracy in this case. The government agent testified to the scope of the conspiracy, which stretched from Billings, Montana, to Las Vegas, Nevada. During closing argument, Mageno acknowledged the government proved a conspiracy. Mageno insists, however, that there was insufficient evidence to prove that she participated in the conspiracy and had the requisite intent to be part of the conspiracy.

"Once the existence of a conspiracy is established, evidence which establishes beyond a reasonable doubt that a defendant is even slightly connected with the conspiracy is sufficient to convict." *United States v. Corona-Verbera*, 509 F.3d 1105, 1117 (9th Cir. 2007) (quoting *United States v. Boone*, 951 F.2d 1526, 1543 (9th Cir. 1991)). We "consider the evidence presented at trial in the light most favorable" to the jury's verdict, and will deem the evidence sufficient if it allowed "any rational trier of fact" to find Mageno guilty of knowing participation in this drug conspiracy. *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir.

2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis omitted).

The evidence at trial showed that Mageno translated telephone calls, including calls regarding drug transactions, between her godson, other members of the conspiracy, and buyers of the drugs the conspiracy sold. A rational jury could have considered Mageno's translations of her godson's phone calls to be evidence that she knowingly participated in the drug conspiracy led by her godson and aided the criminal enterprise. Though her actions were susceptible to an innocent explanation, which she offered through her own testimony and Burgos's testimony, the jury was entitled to find Mageno and Burgos not credible and to disregard their testimony. Moreover, in one of the recorded phone calls, Mageno tells the caller that she cannot share information with him "over the phone," which the jury could have interpreted as showing Mageno's consciousness of wrongdoing. We conclude that a rational trier of fact could find this evidence sufficient to establish Mageno's knowledge of, and intent to participate in, the conspiracy.

**REVERSED AND REMANDED.**